NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY HAWORTH,

          Plaintiff-Appellant,

  v.

CITY OF WALLA WALLA; et al.,

          Defendants-Appellees,

 and

DOES, John and Jane; et al.,

          Defendants.

No.   21-35436

D.C. No. 4:19-cv-05254-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 19, 2022
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.
Partial Dissent by Judge BENNETT.

After being prosecuted for crimes related to the alleged sexual assault of his

stepdaughter, Appellant Anthony Haworth brought this suit against the City of

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Walla Walla, the County of Walla Walla, and the officials involved in his criminal prosecution: Detective Marcus Goodwater, Police Chief Scott Bieber, Deputy Prosecuting Attorney Michelle Morales, and Prosecuting Attorney James Nagle. Haworth alleged violations of his rights under 42 U.S.C. § 1983 as well as various state law tort claims, including malicious prosecution. He appeals the district court's dismissal of all his claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. We affirm the dismissal of Haworth's § 1983 claims against Detective Goodwater, Chief Bieber, and the City of Walla Walla (the "City Defendants"). Detective Goodwater is entitled to qualified immunity from Haworth's claim that he directed the complaining witness to destroy evidence because Haworth is unable to show that Goodwater acted in bad faith or that Haworth was unable to obtain comparable evidence by other means. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013). Haworth was aware of the online comment that was deleted, and there is no "readily apparent" exculpatory value to an alleged victim's comment that a criminal defendant "did it." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1087 (9th Cir. 2004).

Goodwater is similarly entitled to qualified immunity from Haworth's claim that he suppressed impeachment evidence by failing to timely record a conversation he had with the complainant's grandmother, who told Goodwater that

her granddaughter was a pathological liar. Although the allegedly suppressed evidence was material and favorable to Haworth, Haworth is unable to show that he was prejudiced by Goodwater's delay in reporting the conversation. *See Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006).

Haworth's witness intimidation claim against Goodwater also fails as a matter of law because the facts, even when viewed in the light most favorable to Haworth, do not demonstrate that Goodwater substantially interfered with the defense's witness in a way that caused him not to testify. *Soo Park v. Thompson*, 851 F.3d 910, 919 (9th Cir. 2017). The state criminal prosecution against Haworth was dismissed before trial, and the witness cooperated in an interview with law enforcement and a deposition before the dismissal.

2. Because Goodwater's conduct does not amount to a constitutional violation, Haworth's claims against Goodwater's supervisor, Chief Bieber, and the City do not establish a constitutional violation. *See Hansen v. Black*, 885 F.3d 642, 645–46 (9th Cir. 2018); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The district court properly dismissed these claims, and it did not abuse its discretion by denying discovery. Haworth needed to provide specific reasons for why he could not present facts essential to oppose the motion for summary judgment. Fed. R. Civ. P. 56(d). The district court did not abuse its discretion in finding that the affidavit from Haworth's counsel for "general requests for

3

discovery to understand witnesses' states of mind" did not satisfy this standard.

3. We also affirm the district court's dismissal of Haworth's § 1983 claims against Deputy Prosecuting Attorney Morales, Prosecuting Attorney Nagle, and the County of Walla Walla (the "County Defendants"). Morales is entitled to absolute prosecutorial immunity from Haworth's claim that she gave legal advice to Detective Loney regarding the July 2018 "do over" search warrant. Morales gave advice during the prosecutorial, not investigatory, phase. *See KRL v. Moore*, 384 F.3d 1105, 1112–13 (9th Cir. 2004). Judgment on the pleadings was proper.

Morales is entitled to absolute immunity from Haworth's claim that she personally swore a declaration in support of the warrant. She was acting pursuant to guidance from the Washington Association of Prosecuting Attorneys to correct the warrant in light of a new decision from the Washington Court of Appeals. Ensuring evidence previously collected will be admissible at trial "is no less a function of an advocate than deciding what evidence will be presented at trial." *Id.* at 1112. Providing legal background to a judge is not the function "any competent witness might have performed." *Kalina v. Fletcher*, 522 U.S. 118, 129–30 (1997). Because Morales is absolutely immune, so too is her supervising prosecutor, Nagle. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 845 (9th Cir. 2016).

4. We affirm the district court's dismissal of Haworth's claims against the County of Walla Walla. Haworth includes vague references to general County

4

policies and contends that the policies "were described in various ways in the district court," without any citation. We reject Haworth's claims because "arguments presented in such a cursory manner are waived." *Badgley v. United States*, 957 F.3d 969, 978–79 (9th Cir. 2020).

5. We reverse, however, the dismissal of Haworth's malicious prosecution claims against all Defendants. Probable cause is a "complete defense" to a malicious prosecution tort claim in Washington. *Hanson v. City of Snohomish*, 852 P.2d 295, 298 (Wash. 1993). The district court concluded that probable cause existed at the initiation of and throughout the prosecution. But that reasoning ignores that the state trial court dismissed the criminal case against Haworth for insufficient evidence, and Washington law provides explicitly that a dismissal in favor of the criminal defendant establishes a *prima facie* case of a lack of probable cause. *Peasley v. Puget Sound Tug & Barge Co*, 125 P.2d 681, 688 (Wash. 1942). Defendants may rebut this *prima facie* case with evidence establishing probable cause, *id.*, but the district court erred by relying only on evidence that existed at the initiation of the prosecution to suggest that probable cause existed throughout the proceedings. The dissent claims that Defendants rebutted this *prima facie* case because Haworth did not offer evidence that the complainant retracted her allegation. This turns Washington's legal standard on its head. It was Defendants' burden to rebut, and they did not sufficiently do so to be awarded judgment as a

5

matter of law.

There is a genuine dispute of material fact whether probable cause for Haworth's criminal prosecution eroded between February 2018, when the state court denied Haworth's motion to dismiss for insufficient evidence, and April 2019, when the state court dismissed the case for insufficient evidence. Haworth is entitled to discovery on these claims. We reverse the district court's dismissal of the malicious prosecution claims against all Defendants and remand for further proceedings consistent with this decision.[1]

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

---

[1] The County Defendants raised prosecutorial immunity from the state law malicious prosecution claims for the first time at oral argument. The County Defendants may pursue this defense on remand, but we decline to consider it here. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012).

*Haworth v. City of Walla Walla*, 21-35436

BENNETT, Circuit Judge, dissenting in part:

"Probable cause exists where the facts and circumstances . . . are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed." *Bender v. City of Seattle*, 664 P.2d 492, 502 (Wash. 1983) (citation omitted). "Washington law provides explicitly that a dismissal in favor of the [accused] establishes a *prima facie* case of a lack of probable cause." Mem. Disp. 5 (citing *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 688 (Wash. 1942)). "A prima facie case thus made by the plaintiff, however, may be rebutted . . . by the defendant's evidence. If it is so rebutted, then the plaintiff must *by evidence* affirmatively establish want of probable cause." *Peasley*, 125 P.2d at 688 (citation omitted). Even though the case against Haworth was dismissed, no one disputes that probable cause existed at the beginning of the proceedings. Mem. Disp. 5. And, as Haworth's counsel conceded at oral argument, Haworth offered no evidence that the accuser ever retracted her allegation against Haworth at any point in the proceedings. Oral Argument 3:30–3:59. Thus, the defendants rebutted Haworth's prima facie case and the burden of proof shifted to Haworth to show that probable cause eroded during the proceedings. But the majority, based on just the dismissal of the criminal case against Haworth, would reverse the district court's dismissal of Haworth's malicious prosecution claim. Mem. Disp. at 5–6. Because

1

the majority applies the wrong standard, and because Haworth presented no evidence that probable cause eroded before the criminal case against him was dismissed, I respectfully dissent from this portion of the majority's disposition.

"Probable cause 'boils down, in criminal situations, to a simple determination of whether the relevant official, police or judicial, could reasonably believe that the person to be arrested has committed the crime.'" *State v. Fisher*, 35 P.3d 366, 372 n.47 (Wash. 2001) (citation omitted). "Probable cause does not require . . . guilt beyond a reasonable doubt." *State v. Neeley*, 52 P.3d 539, 543 (Wash. Ct. App. 2002). The existence of probable cause at the beginning of the proceedings against Haworth is undisputed. Mem. Disp. 5. And Haworth presented no evidence that probable cause eroded during the proceedings.

The majority's reversal of the district court contravenes Washington law. The majority finds that "[t]here is a genuine dispute of material fact whether probable cause for Haworth's criminal prosecution eroded between February 2018, when the state court denied Haworth's motion to dismiss for insufficient evidence, and April 2019, when the state court dismissed the case for insufficient evidence."[1] Mem. Disp. 6. But the majority conflates the standard and burden of proof for showing

---

[1] The state court ruled: "NOW THEREFORE, THE COURT FINDS: Insufficient evidence exists in this case to support criminal charges, and/or sustain a conviction beyond a reasonable doubt." Thus, the court did not rule that the evidence was insufficient to support probable cause or that probable cause had eroded.

2

guilt with the standard and burden for showing probable cause. "There is a distinction between a finding of probable cause and a finding of guilt. The issue here is not whether [the accused] is guilty or innocent, it is whether the police and the City . . . had probable cause to prosecute." *Hanson v. City of Snohomish*, 852 P.2d 295, 299 (Wash. 1993).

This case is analogous to *Rodriguez v. City of Moses Lake*, 243 P.3d 552 (Wash. Ct. App. 2010). In *Rodriguez*, the appellant was charged with filing a false insurance claim because she claimed that a piano, keyboard, and a jukebox were destroyed in a house fire, but the fire marshal did not notice any of those items in his investigation. *Id.* at 553. After the charges were filed, Rodriguez showed the fire marshal "an indistinct picture she claimed showed a burned piano." *Id*. at 553, 555. She also explained that the keyboard and jukebox were "in a hidden basement at the time of the fire"; the fire marshal "had not discovered the hidden basement before the house was demolished." *Id*. at 553. Rodriguez "attempted to persuade the prosecuting attorney with her evidence, but without apparent success." *Id*. at 555. The case was resolved in favor of Rodriguez, who brought a malicious prosecution claim. *Id*. at 553–54.

The court held that probable cause existed from the beginning and throughout the proceedings, and thus dismissed the malicious prosecution claim. *Id.* at 554–55. The court held that the fire marshal's investigation, in which he did not notice a

3

piano, keyboard, or a jukebox, was sufficient to show that "probable cause existed at the time charges were filed." *Id.* at 554. Rodriguez's explanation that the keyboard and jukebox were in a hidden basement and the fact that she showed the fire marshal and the prosecutor a picture of an allegedly burned piano "did not negate probable cause" because they were "defense evidence for the fact-finder [at trial] to consider and assign weight." *Id*. at 555. The court held that "probable cause continued *until* the conflicting evidence was weighed at trial and resolved in favor of Ms. Rodriguez," and "until then, the evidence warranted a person of reasonable caution to believe an offense had been committed." *Id*. (emphasis added). As a result, the court held that the state trial court "did not err in dismissing the malicious prosecution claim." *Id*.

As in *Rodriguez*, probable cause existed at the beginning based on the accuser's allegation against Haworth and continued until the case was dismissed because the accuser never retracted her allegation. Haworth argues that "the significant evidence that the charges against [him] are false . . . confirm[s] the lack of probable cause," apparently referring to the allegation that "Michael Torrescano . . . was having sex with [the accuser] when she claims that she was raped by Haworth." But like in *Rodriguez*, that allegation (and the other facts that may have surfaced after the criminal case started) "did not negate probable cause" because that evidence "was defense evidence for the fact-finder [at trial] to consider and assign

4

weight." *Rodriguez*, 243 P.3d at 555. Thus, the district court did not err in dismissing the malicious prosecution claim because both at the start and through to when the case was dismissed, as a matter of law, "the evidence warranted a person of reasonable caution to believe an offense had been committed." *Id.*

Torrescano's allegation was both relevant and significant. But so too were Haworth's initial and continual denial that he had raped the accuser, and his claim that the accuser had concocted the entire allegation because "she feels [that] her mother got nothing in the divorce" from Haworth. But no one claims that Haworth's denial, no matter how "believable," either negated probable cause at the beginning of the proceeding or at any subsequent time. That is even though a trier of fact would have been able to consider and assign weight to Haworth's version of events. Despite Haworth's version of events, the evidence was sufficient at the outset to warrant a person of reasonable caution to believe that Haworth raped the accuser. And that is so even though the *trier of fact* might have rejected the State's evidence. Both propositions were true at every stage of the proceedings against Haworth—the evidence was sufficient to warrant a person of reasonable caution in a belief that Haworth had raped the accuser, *and* the trier of fact might have rejected the State's evidence. The other evidence that surfaced here is not the type of evidence that

could have ever caused probable cause to *dissipate*,[2] though it is the type of evidence that causes prosecutors to rethink initial charging decisions every day.

This point is made clear by the majority disposition and Haworth's argument. Neither identifies (nor even tries to identify) the time when probable cause supposedly dissipated.[3] What is it about Haworth's evidence that eroded probable cause? The majority concludes that there is a genuine dispute of material fact as to whether probable cause for Haworth's criminal prosecution eroded between February 2018 and April 2019. But the majority does not say *why* there is a dispute of material fact. There was always a dispute of material fact as to whether Haworth raped the accuser. There was never a dispute of material fact as to whether the accuser maintained her claim that Haworth raped her.[4]

---

[2] Such evidence, of course, could exist. A defendant could provide conclusive proof that on the day of a supposed crime, he was halfway around the world. Or a video could show that someone else had committed the crime. But what we have here—merely a different and potentially more believable version of events—is not such "impossibility" evidence.

[3] Indeed, when asked at oral argument to identify a specific time, Haworth's counsel merely claimed that "it was at a point before the termination of litigation." Oral Argument 4:35–5:10.

[4] The majority claims that I have "turn[ed] Washington's legal standard on its head." Mem. Disp. 6. It is the majority, however, that has done so by ignoring the plain language of the caselaw and an equally plain application of that caselaw to the facts of this case: even viewed in the light most favorable to Haworth, there was undisputed and sufficient evidence of probable cause from start to finish.

6

Imagine if this case had been a federal criminal appeal that had come before us on the denial of Haworth's Rule 29 motion for a judgment of acquittal.[5] We would have instantly found that the evidence (based on the accuser's accusation alone) was easily sufficient to sustain the conviction. How can it then be that the same evidence is *insufficient* to warrant a person of reasonable caution in a belief that Haworth raped the accuser? There was never a determination by the state court that probable cause dissipated—there was merely a determination by the prosecutor that it "would be in furtherance of justice . . . to dismiss the charges against defendant."[6]

Like Washington caselaw which the majority's disposition contravenes, the caselaw of many other states has held consistently that a determination of probable cause does not involve weighing the credibility of witnesses or evidence, unless the testimony or evidence suggests an *impossibility*. *See, e.g.*, *State v. Koch*, 499 N.W.2d 152, 162 (Wis. 1993) ("The judge is not to choose between conflicting facts or inferences, or weigh the state's evidence against evidence favorable to the [criminal] defendant. Probable cause at a preliminary hearing [for a bindover decision] is satisfied when there exists a believable or plausible account of the

---

[5] *See, e.g.*, 18 U.S.C. § 2241 (aggravated sexual abuse within the special maritime and territorial jurisdiction of the United States).

[6] As noted above, the trial court made no finding that probable cause had dissipated, only determining that the evidence was "[i]nsufficient … to support criminal charges, **and/or** sustain a conviction beyond a reasonable doubt." (emphasis added).

defendant's commission of a felony."); *State v. Barker*, 888 N.W.2d 348, 353 (Minn. Ct. App. 2016) ("Probable cause exists if the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial. The district court must view the evidence in the light most favorable to the state and may not assess the relative credibility or weight of . . . conflicting evidence." (internal quotations and citations omitted)); *State v. Virgin*, 137 P.3d 787, 793 (Utah 2006) (For probable cause determinations, "magistrates may only disregard or discredit evidence that is wholly lacking and incapable of creating a reasonable inference regarding a portion of the prosecution's claim. It is inappropriate for a magistrate to weigh credible but conflicting evidence at a preliminary hearing[,] as a preliminary hearing is not a trial on the merits but a gateway to the finder of fact. Therefore, magistrates must leave all the weighing of credible but conflicting evidence to the trier of fact and must view the evidence in a light most favorable to the prosecution, resolving all inferences in favor of the prosecution." (cleaned up)). It is hardly impossible that Haworth raped the accuser.

*Banks v. Nordstrom, Inc.*, 787 P.2d 953 (Wash. Ct. App. 1990), which specifically concerned whether probable cause that initially existed eroded later in the proceedings, further undermines Haworth's malicious prosecution claim. In *Banks*, a department store erroneously identified the plaintiff as a shoplifter and notified the police. *Id.* at 955. After the plaintiff was charged with felony theft, the

department store's security officer who had misidentified the plaintiff told the plaintiff that she was not the actual shoplifter. *Id*. The parties disputed whether the department store notified prosecutors of the plaintiff's innocence before the date when the charges were dismissed. *Id*. at 958. The state trial court granted summary judgment to the department store on the plaintiff's malicious prosecution claim, but the Washington Court of Appeals reversed and remanded because "the circumstances surrounding the continuation of the proceeding against [plaintiff] are disputed" and thus "whether there was a want of probable cause is for the jury." *Id*.

Unlike Haworth's case, *Banks* concerned "a party that properly instituted or procured the institution of criminal proceedings [and] subsequently became aware *of the defendant's innocence*." *Id*. at 956 (emphasis added). In *Banks*, the department store conceded to the plaintiff that it was aware of her innocence. *Id*. at 955. But here, the accuser claimed throughout the proceedings below that Haworth had raped her and never recanted her accusation. Although evidence surfaced later that may have cast doubt on her claims, no evidence indicated that the prosecution "knew" that Haworth was innocent. Instead, as in *Rodriguez*, Torrescano's allegation "did not negate probable cause" because "it was defense evidence for the

fact-finder to consider and assign weight." *Rodriguez*, 243 P.3d at 555.[7] Haworth

has failed to show that probable cause eroded during the proceedings.

Finally, even though the majority's decision is non-precedential, it carries a significant cost. We, of course, always want prosecutors and law enforcement officers to be concerned about whether the charges they are about to bring or have brought are appropriate and supported by the evidence. But do we really want them to fear malicious prosecution claims when deciding, for example, whether to charge or continue to charge a suspect based on a woman's rape claim because the suspect proffers evidence questioning her credibility and claims that she had had sex with a different person or other people?[8]

For these reasons, I respectfully dissent in part.

---

[7] I have found no Washington state case that has held that probable cause has "eroded" (or even can "erode") during a proceeding in which a victim never recanted a "personal knowledge" accusation against the accused. And Haworth has cited no such case.

[8] The district court stated that Haworth "argues throughout that Goodwater intentionally ignored, failed to document, or failed to believe different witness accounts, particularly reports that [the accuser] was not credible or was sexually promiscuous." As the district court correctly noted: "[W]hether or not [the accuser] was sexually promiscuous is not relevant or admissible in this sort of prosecution."